UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 JAN 15 PM 2:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

STEPHANIE BRITT,  )
  )
  Plaintiff,  )
  )
vs.  )  Civil Action No. CV-01-S-2150-NE
  )
DELPHI AUTOMOTIVE SYSTEMS, a/k/a  )
DELHI AUTOMOTIVE SYSTEMS, LLC  )
  )
  Defendant.  )

ENTERED
JAN 15 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action was dismissed with prejudice when defendant's motion for summary judgment was granted by the order entered on August 6, 2002 (doc. no. 67). Plaintiff then moved this court to reconsider and set aside that order (doc. no. 71). This court granted plaintiff's motion to reconsider and, upon reconsideration, denied the relief requested (doc. no. 77). Defendant subsequently moved this court to award it attorney's fees and expenses pursuant to 42 U.S.C. § 2000e-5(k), on the ground that plaintiff's Title VII claims were frivolous (doc. no. 72). Meanwhile, plaintiff appealed the entry of summary judgment in favor of defendant to the Eleventh Circuit (doc. no. 75), but her appeal was dismissed pursuant to Eleventh Circuit Rule 42-2(c), for want of prosecution (doc. no. 80). The action now is before the court on defendant's renewed motion for attorney's fees and expenses (doc. no. 82). Both sides have submitted briefs, and the motion is ripe for adjudication.

A prevailing defendant in a Title VII action can claim attorney's fees under 42 U.S.C. §2000e-5(k), which provides, in pertinent part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." Despite this neutral statutory language, case law gloss



establishes that a prevailing defendant must meet a more stringent standard than a prevailing plaintiff in order to recover attorney's fees. The Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, groundless, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christainburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). In determining whether this test has been met, the court must assess plaintiff's claim at the time it was filed, and must refrain from engaging in after the fact reasoning that, because the plaintiff did not ultimately prevail, the claim must have been unreasonable or without foundation. *Andrade v. Jamestown Housing Authority,* 82 F.3d 1179, 1192 (1st Cir. 1996) (citing *Christianburg,* 434 U.S. at 421-22, 98 S. Ct. at 700).

There is little doubt that plaintiff makes a particularly unsympathetic civil rights litigant. Plaintiff, who worked in defendant's Athens, Alabama plant, manufacturing automobile parts, also attempted to earn extra income by posting nude and semi-nude photographs of herself on several "adult" Internet websites.[1] These websites were designed to generate income for plaintiff by charging visitors money to access her photographs. Plaintiff told her co-workers at the plant about these websites and urged them to pay the fee(s), and thus gain access to her photographs. Apparently, plaintiff even gave several co-workers instructions on how to download the images. Armed with the knowledge that plaintiff provided, some of her co-workers printed copies of plaintiff's photographs off the Internet and brought the copies to the plant. Upon learning that copies of plaintiff's Internet photographs were floating around the plant, plaintiff complained to management that the presence of the photographs in the plant and their natural effect on her co-

---

[1] The factual summary set forth here was distilled from the detailed factual summaries provided by the parties in their summary judgment briefs (doc. nos. 51 and 60).

workers created a sexually-hostile work environment. Members of the plant's management staff searched the workplace for copies of the photographs that plaintiff had offered for sale on the Internet, but were unable to find any. Even so, plaintiff was not satisfied with management's attempts to purge the plant of her "merchandise," as well as its attendant effects on her customers/co-workers, and she eventually refused to work her assigned shifts, explaining in her brief that she was "not . . . able to work in the hostile work environment."[2] Defendant then terminated her employment for refusing to return to work, even after being ordered to do so. Plaintiff subsequently sued defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, alleging that she was subjected to a sexually-hostile work environment and retaliation. Plaintiff also asserted state-law claims for outrage, "negligent and wanton training and supervision," wantonness, and respondeat superior.[3]

While plaintiff abandoned her state-law claims at the summary judgment stage, she persisted with her Title VII claims, advancing the rather novel theory that even though she had solicited co-workers to purchase nude and semi-nude photographs of her, her employer is nonetheless potentially liable when some of plaintiff's "merchandise" is brought by her prospective customers into the plant, as well as any unpleasant treatment that plaintiff received from co-workers resulting from her Internet business. Indeed, it appears that plaintiff wanted to have her cake and eat it too. On the one hand, she wanted to use the workplace to drum up customers to purchase her nude and semi-nude photographs; but, on the other hand, she demanded that defendant shield her from any embarrassment or stigma that might be attached to selling such images on "adult" websites.

In arguing that her lawsuit was not frivolously brought or maintained, plaintiff relies heavily

---

[2] Plaintiff's brief opposing summary judgment, at 9.
[3] Complaint.

-3-

upon the Equal Employment Opportunity Commission's determination that "the evidence obtained during [the EEOC investigation of plaintiff's claims] establishes reasonable cause to believe that [plaintiff] has been discriminated against by having been subjected to sexual harassment, a sexually hostile work environment, and a disciplinary suspension because of her female gender and in retaliation, as alleged."[4] Upon review of the materials submitted, it is apparent to this court that the EEOC investigator conducted a reasonably thorough investigation. Such a determination by the agency, whose mandate is to enforce federal employment discrimination statutes, strongly militates against a finding that this lawsuit is frivolous. *See, e.g., Mitchell v. Office of the Los Angeles Superintendent of Schools*, 805 F.2d 844, 847 (9th Cir. 1986) (holding that, "since the EEOC is expert in the investigation of [Title VII] claims, it cannot be quickly assumed that there was no legal or factual basis for the initiation of the suit," and that "an EEOC finding of reasonable cause is sufficient at least to create an issue of fact requiring proceedings beyond the summary judgment stage") (internal quotation marks and citations omitted); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1164 (7th Cir. 1983) (finding that the district court properly held that "the EEOC's determination [that reasonable cause existed to believe the charges were true] was probative on the question of whether the lawsuit was frivolous, although it was not binding"); *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1309 n. 20 (9th Cir. 1981) (stating during the course of discussing the appointment of counsel to a civil rights litigant that "[a]n EEOC determination of reasonable cause ordinarily provides sufficient justification for allowing a civil rights litigant a fair crack at our judicial system"); *DeShiro v. Branch,* 183 F.R.D. 281, 286 (M.D. Fla. 1998) (observing that, "where . . . the EEOC . . . has issued a determination that probable cause

---

[4]Plaintiff's brief opposing the award of attorney's fees, at Tab 2, Exhibit C (EEOC determination). Nevertheless, the EEOC declined to pursue plaintiff's case and later issued her a right-to-sue letter.

exists, such that it issues a right-to-sue letter, then such involvement by the EEOC lends a great deal of credibility to the finding that the suit is reasonable and grounded") (citations omitted); *Beckett v. Kent County*, 488 F. Supp. 70, 73 (W.D. Mich. 1980) (holding that, "[i]n determining whether a claim is meritorious, substantial weight, although not preclusive effect, can be given to the determination of the EEOC as to whether reasonable cause for the complaint exists"); *but see Charves v. Western Union Telegraph Co.*, 711 F.2d 462, 464 (5th Cir. 1983) ("Appellant relies heavily upon the fact that the [EEOC determination was] generally favorable. But . . . the fact that an administrative agency has reached a contrary conclusion as to the merits of a plaintiff's case is not in any sense conclusive; nor does it bar the allowance of attorney's fees to a defendant who has prevailed in a subsequent judicial proceeding.") (internal quotation marks and citation omitted).

Plaintiff's claims are certainly weak. In light of the EEOC's reasonably well-researched determination that she likely was a victim of sexual harassment, however, this court declines to find that plaintiff had no basis to bring and pursue her lawsuit. Absent such a finding, this court cannot award attorney's fees to defendant. *See Mitchell*, 805 F.2d at 847 ("Congress intended to protect defendants from litigation having *no* legal or factual basis.") (internal quotation marks and citation omitted) (emphasis in original). Accordingly, defendant's motion for attorney's fees and expenses is due to be denied.[5]

DONE this __15th__ day of January, 2003.

_____
United States District Judge

---

[5] Costs were taxed to plaintiff in the amount $1,855.22 on August 12, 2002, and that assessment will stand, of course.